**CHRISTOPHER J. HENNES**
Attorney at Law
2130 Main Street, Suite 200
Huntington Beach, CA 92648
Ph: (714) 536-6023
Fax: (714) 536-6073
California State Bar No. 71176

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE J. NORIEGA, | CASE NO.: CV-S- |
| Plaintiff, | **COMPLAINT** |
| vs. | CV-S-01-0532-PMP-PAL |
| CONTRI CONSTRUCTION COMPANY, a Corporation, | |
| Defendant. | |

COMPLAINT

Plaintiff, for his complaint and cause of action against defendant, states and alleges:

1. Plaintiff is a citizen of the State of California and resides in the City of Nuevo, California. Defendant is a corporation incorporated under the laws of the State of Nevada, having its principal place of business in the State of Nevada. The matter in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

COMPLAINT

2. At all relevant times plaintiff was working as a laborer in the City of Las Vegas, State of Nevada, as an employee of Pipe Jacking Unlimited, an independent contractor.

3. At all relevant times, defendant was another independent contractor employing and directing a crew of workers at the construction site where plaintiff was working.

4. On November 19, 1999, at approximately 12:15 p.m., while plaintiff was engaged in work in the bottom of a shaft forty feet below street level, plaintiff was severely injured when struck in the face by a steel bar negligently dropped by defendant's crew working at the top of the shaft.

5. Plaintiff does not know the names of the members of defendant's crew who dropped the steel bar, but such individual was working in the ordinary scope of his employment for defendant and defendant knows his name and identity.

6. The above-described accident was a proximate result of the following separate and concurrent negligent acts or omissions on the part of defendant:

    (a) Placing on the construction job in question a crew with insufficient ability, training, or experience to carry out its job in a safe and professional manner;

    (b) Failing to warn those working at the bottom of the shaft of the serious danger to them from falling objects from the activities of defendant's crew, although defendant knew, or in the exercise of reasonable care should have

-2-
COMPLAINT

1  known, that danger existed;

2  (c) Failing to exercise reasonable care through its
3  crew in handling the steel bar to prevent it from falling
4  and striking plaintiff;

5  (d) Failing to furnish through its crew a timely
6  warning to the workers below that the steel bar had been
7  dropped; and

8  (e) Failing to provide its crew with adequate
9  equipment to manage the tools the crew was using at a high
10 elevation without an unreasonable risk of accidentally
11 dropping the tools.

12  7. As the direct and proximate result of the negligence
13 of defendant as described above, plaintiff sustained the
14 following serious injuries:

15  Several broken teeth, severe laceration to his upper
16 lip, and severe bruising of his face and chest.

17  8. As further proximate result of defendant's negligent
18 conduct and of plaintiff's injuries, plaintiff required
19 medical, surgical, and hospital attention, and has incurred
20 medical, surgical, and hospital expenses of $8,522.00.  The
21 above-described injuries will compel plaintiff to incur
22 additional medical expenses for his injuries.

23  9. At the time the above-described injuries were
24 sustained, plaintiff was employed as a laborer and was
25 earning $20.00 per hour, plus overtime pay at $30.00 per
26 hour.  As a result of his injuries, plaintiff was disabled
27 from performing the duties of his employment for a period of
28 time after he was injured.

10. Plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff requests judgment against defendant for the following:

1. Medical and hospital expenses incurred in the amount of $ 8,522.00;
2. Loss of earnings in the amount of $ 3,020.00;
3. General damages in the amount of $ 250,000.00
4. Costs of this action; and
5. Such other and further relief as the Court deems just and proper.

Dated: May 8, 2001

CHRISTOPHER J. HENNES
Attorney for Plaintiff

-4-
COMPLAINT